**Surveillance Resistance Lab v New York City Procurement Policy Bd.**

2025 NY Slip Op 34750(U)

December 8, 2025

Supreme Court, New York County

Docket Number: Index No. 150767/2025

Judge: Leslie A. Stroth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. LESLIE A. STROTH**          PART          **12M**

*Justice*

-------------------------------------------------------------------X

SURVEILLANCE RESISTANCE LAB

Petitioner,

- v -

NEW YORK CITY PROCUREMENT POLICY BOARD,

Respondent.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150767/2025 |
| MOTION DATE | 01/15/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27

were read on this motion to/for          ARTICLE 78 (BODY OR OFFICER)          .

## BACKGROUND

On June 4, 2024, the New York City Procurement Policy Board ("PPB") proposed amendments to PPB Rule § 3-11, expanding provisions governing demonstration projects in New York City procurement. The proposed rule change extended the maximum allowable term for such projects, clarified transition requirements to other procurement methods, and added language authorizing challenge-based procurement. These proposed amendments were formally introduced at a public hearing on August 28, 2024, at which Petitioner appeared and provided both oral and written testimony in opposition.

After that hearing, the PPB scheduled a public meeting for September 19, 2024 to vote on the proposed rule. Respondent provided email notice to news media and governmental offices on September 13, 2024; posted notice on the MOCS website the same day; posted public notice at

**150767/2025   SURVEILLANCE RESISTANCE LAB vs. NEW YORK CITY PROCUREMENT POLICY BOARD**
**Motion No. 001**

Page 1 of 5

1 of 5

Surrogate's Court on September 16, 2024; and published notice in the City Record on September 17, 2024. At the September 19, 2024 meeting, the PPB adopted the rule amendments. Petitioner commenced this Article 78 proceeding seeking to void that action.

## LEGAL STANDARD

Judicial review of an administrative determination is limited to whether the determination was made "in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion…" CPLR 7803(3). In *Matter of Pell v Board of Educ.* (34 NY2d 222, 231 [1974]), the Court of Appeals held that an action is "arbitrary and capricious" when it is "…without sound basis in reason and is generally taken without regard to the facts." If the Court finds that the determination is supported by a rational basis, it must sustain the determination. (*Id.*)

## DISCUSSION

Petitioner's principal argument is that Respondent failed to comply with Public Officers Law § 104(1) because the City Record notice of the September 19, 2024 meeting was posted only two days beforehand and was labeled "Late Notice."

OML § 104(1) requires, for meetings scheduled at least one week in advance, that public bodies must (1) transmit notice to the news media, and (2) conspicuously post notice in one or more public locations, each at least seventy-two hours before the meeting. Nothing in the statute mandates that notice appear in the City Record, nor does it establish any registry or posting venue as exclusive. Compliance turns on timeliness of transmission and conspicuous posting, not on uniformity of posting across all mediums.

The record conclusively establishes multiple timely postings. Notice was transmitted to news media, City Council district offices, community boards, and city personnel via email on

150767/2025  SURVEILLANCE RESISTANCE LAB vs. NEW YORK CITY PROCUREMENT POLICY
BOARD
Motion No. 001

Page 2 of 5

2 of 5

September 13, 2024 well beyond the seventy-two hour requirement. The notice was posted on the MOCS website the same day, and physically posted at Surrogate's Court on September 16, 2024.

These actions independently satisfied OML § 104(1). That the City Record notice appeared later does not negate valid earlier postings. The statute does not require that each form of posting meet the deadline so long as at least one conspicuous posting and media transmission satisfy statutory timing. Accordingly, no violation of § 104 occurred.

Even if the City Record notice rendered compliance imperfect, Petitioner must still establish good cause to void the PPB's action under OML § 107(1). Voiding a public action is an exceptional remedy, and "with respect to the challenges based on the Open Meetings Law, it is well settled that '[a]n unintentional failure to fully comply with the notice provisions required by [the Open Meetings Law] shall not alone be grounds for invalidating any action taken at a meeting of a public body' . . . Thus, not every violation of the Open Meetings Law automatically triggers its enforcement sanctions.' (*Fichera v New York State Dept. of Envtl. Conservation*, 159 AD3d 1493, 1498 [4th Dept 2018] *quoting Matter of Britt v County of Niagara*, 82 AD2d 65, 69-70 [4th Dept 1981]). As such, Petitioner is required to demonstrate that they were "aggrieved by any unintentional failures to comply fully with the notice provisions." (*Id.*)

Petitioner has demonstrated neither prejudice nor any actual impairment of public participation as required to warrant the extraordinary remedy of voiding the PPB's action. The record reflects that Petitioner had full notice of the proposed amendment well in advance of the vote and actively participated in the rulemaking process. Notably, Petitioner attended the August 28, 2024 public hearing, where it presented oral testimony and submitted written objections addressing the same rule it now challenges. Such participation confirms that Petitioner was not

deprived of an opportunity to be heard and was fully aware of both the nature and content of the proposed amendment prior to adoption.

Moreover, Petitioner does not assert that it attempted to attend the September 19, 2024 meeting but was unable to do so, nor has Petitioner identified any individual member of the public who was prevented from attending or participating. The meeting in question was conducted publicly, recorded, and broadcast. There is no allegation that Respondent engaged in private deliberations, concealed the subject matter of the vote, or otherwise restricted public observation. Absent any showing that the alleged defect in notice caused exclusion, disadvantaged Petitioner, or impeded transparency, there is no basis on which to conclude that Petitioner was aggrieved within the meaning of OML § 107(1).

Given Petitioner's awareness of the proposed rule, its active engagement in the underlying process, and the absence of any claim of exclusion or concealment, Petitioner has not shown that it was aggrieved by any alleged defect or that invalidation is necessary to protect public access. Under such circumstances, even an inadvertent technical deficiency would not constitute good cause to annul the PPB's action. (*Fichera*, AD3d 1493 at 1498).

Respondent additionally seeks dismissal on the ground that Petitioner lacks the legal capacity to sue because it is not a separately registered legal entity. As the court has denied the petition on the merits, it does not, and need not reach the issue of whether Petitioner has capacity to sue.

The court has considered the remaining arguments of the parties and finds such unavailing. Accordingly; it is hereby

ORDERED that the Article 78 Petition is denied; and it is further

**150767/2025  SURVEILLANCE RESISTANCE LAB vs. NEW YORK CITY PROCUREMENT POLICY**        **Page 4 of 5**
**BOARD**
**Motion No.  001**

[* 4]                                                                       4 of 5

ORDERED that Respondent's cross-motion to dismiss is granted to the extent of

dismissing the Petition; and it is further

ORDERED that Respondent's request for additional time to answer is denied as moot in

light of the dismissal of the underlying petition.


| 12/8/2025 | | | | | | |
|-----------|---|---|---|---|---|---|
| **DATE** | | | | LESLIE A. STROTH, J.S.C. | | |
| **CHECK ONE:** | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | | GRANTED | | DENIED | GRANTED IN PART | X OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**150767/2025  SURVEILLANCE RESISTANCE LAB vs. NEW YORK CITY PROCUREMENT POLICY**          Page 5 of 5
**BOARD**
**Motion No. 001**

5 of 5